UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON ABERCROMBIE, | ) | Case No.: 1:09 CV 1128 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| PHILIP KERNS, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On May 15, 2009, Petitioner Ramon Abercrombie ("Abercrombie" or "Petitioner") filed a petition for writ of habeas corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for various crimes, including aggravated robbery and aggravated murder. Abercrombie argues that his Petition should be granted based on the following grounds:

Ground One: Sixth Amendment. Supporting Facts: Petitioner was denied effective assistance of counsel when counsel failed to obtain experts concerning DNA analysis and was not properly informed concerning the methodology used by the state testing laboratory which used the saliva sample and left none for independent testing. Further, counsel failed to object to the victim impact evidence contained in the testimony of the mother of the decedent.

Ground Two: Fourteenth Amendment. Supporting Facts: Petitioner was denied a fair trial. At trial which was the first phase of a capital prosecution, the state called Jeanie McCalep the mother of the decedent as a witness. She was solely called to introduce emotional testimony from a mother who had just lost her son, Anthony Brown. The impact of this was to deny

>>petitioner a fair trial. This was totally irrelevant to whether petitioner was guilty of the offense.

(*See* Petition at 4-5.) On October 22, 2009, Respondent Philip Kerns ("Respondent") filed a Return of Writ. This court referred the case to Magistrate Judge William H. Baughman, Jr. for preparation of a Report and Recommendation.

Magistrate Judge Baughman submitted a Report and Recommendation (ECF No. 14) on May 21, 2010, recommending that Abercrombie's Petition for Habeas Corpus under 28 U.S.C. § 2254 be dismissed in part and denied in part. With regard to the first ground, he recommended that the court find that while the ground was not procedural defaulted, it otherwise failed on the merits as the state court's decision did not involve a decision that was contrary to or an unreasonable application of clearly established federal law. Furthermore, he found that to the extent that the state court failed to address two arguments Petitioner raised with regard to his first ground of ineffective assistance of counsel, these arguments were without merit because counsel did not commit any error that prejudiced Petitioner. For Abercrombie's second ground, he recommended that the court dismiss Abercrombie's claim that the victims' mother gave improper impact testimony in violation of Ohio Supreme Court case law and Ohio Rules of Evidence. He reasoned that this purported violation was rooted solely in state law and did not give rise to any cognizable violation of federal law.

As of the date of this Order, Petitioner has not filed objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that after careful *de novo* review of the Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 14). Abercrombie's Petition is hereby denied, and final judgment is entered in favor of the Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        IT IS SO ORDERED.

        /s/*SOLOMON OLIVER, JR.*
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

July 30, 2010